**July 13, 2016**

In re Sheri Speer, No. 3:15-cv-1849 (RNC)

**ORDER granting [7] Motion to Dismiss Appeal.**

    Bankruptcy debtor Sheri Speer, proceeding pro se, seeks review of a bankruptcy court order denying her motion to quash a subpoena served by Seaport Capital Partners, LLC ("Seaport"), the plaintiff in an adversary proceeding against Ms. Speer, on non-party City of Norwich.  In a separate docket, Ms. Speer has appealed from an order of the bankruptcy court denying reconsideration of its ruling on the motion to quash.  See In re Sheri Speer, No. 3:16-CV-313(RNC).

    The present appeal was filed on December 17, 2015.  Under Federal Rule of Bankruptcy Procedure 8009, a designation of the items and statement of issues on appeal were required to be filed within fourteen days, i.e., on or before January 4, 2016.  Seaport has moved to dismiss the appeal based on Ms. Speer's failure to comply with this deadline.  Ms. Speer does not deny that she missed the deadline.  Nor does she provide an explanation for her failure to comply with it.  Instead, she requests consolidation of this appeal with her appeal from the order denying reconsideration.

    Ms. Speer's failure to comply with the deadline is not a jurisdictional defect requiring dismissal.  See French Bourekas Inc. v. Turner, 199 B.R. 807, 814 (E.D.N.Y. 1996).  But it does constitute "ground . . . for the district court . . . to act as it considers appropriate," which may include "dismissing the appeal."  Fed. R. Bankr. P. 8003(a)(2).  "[W]here the failure to act was the result of excusable neglect," the court can extend the relevant deadline even if it has already expired.  Fed. R. Bankr. P. 9006(b)(1).  The Supreme Court has interpreted "excusable neglect" to encompass "inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control."  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993).  However, "failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect."  Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 250 (2d Cir. 1997).

    Ms. Speer has filed twenty-four appeals in this Court.  In the great majority of these appeals, a designation and statement have been timely filed, reflecting Ms. Speer's familiarity with the deadline.  Moreover, the papers Ms. Speer has filed in connection with her appeals appear to have been prepared with the assistance of counsel.  In this unusual context, Ms. Speer's unexplained failure to comply with the deadline in this case

cannot be attributed to excusable neglect.  See In re Burton, 316 B.R. 138, 140 (S.D.N.Y. 2004) (dismissing bankruptcy appeal filed by attorney proceeding pro se for failure to comply with Rule 8009; "[e]ven if [appellant's] carelessness in dropping off the required document at the wrong courthouse, with the wrong caption and index number, could be excused, his failure to realize his mistakes and follow up in any meaningful way during the next three and a half months cannot.  This is [appellant's] fourth appeal to this court from an order of the bankruptcy court.  Thus, on three prior occasions he properly filed a designation of items and statement of issues with the bankruptcy court.").

   Accordingly, the motion to dismiss is hereby granted.  The Clerk may close the case.

   So ordered.

                              /s/ RNC
                         Robert N. Chatigny
                      United States District Judge